UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
|
PAWEL DURAK, et al., |
|
                Plaintiffs, |
| NOT FOR PUBLICATION
    -against- | **MEMORANDUM & ORDER**
|
ENTERPRISE ELECTRICAL, |
CONTRACTORS, INC., et al., |
| 07-CV-5360 (CBA)
                Defendants. |
|
|
----------------------------------------------------------X
AMON, United States District Judge.

    The action arises from defendants' alleged failure to pay and ensure payment of prevailing wages, overtime compensation, and benefits for work performed by plaintiffs on various construction-related projects. Plaintiffs originally filed this action in the Supreme Court of the State of New York, Kings County, and defendants filed a Notice of Removal to this Court on December 26, 2007. Plaintiffs filed a motion to remand the matter to state court. This Court concludes that it lacks subject matter jurisdiction to consider the claims raised and remands the case to state court for further proceedings.

    Pursuant to 28 U.S.C. § 1441(a), removal from a state court to a federal forum is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Original jurisdiction exists if the asserted cause of action is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." Id. § 1441(b); see also 28 U.S.C. § 1331 ("The district courts shall have original

-1-

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). It is well-settled that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998); see also Ross v. Bank of America, 524 F.3d 217, 222 (2d Cir. 2008) ("The burden rests on the party asserting jurisdiction to clearly allege facts demonstrating standing.") (citation omitted); United Food & Commercial Workers Union, Local 919 v. Ctr. Mark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper.") (citation omitted); Pan Atl. Group, Inc. v. Republic Ins. Co., 878 F.Supp. 630, 638 (S.D.N.Y. 1995) ("[T]he burden of proving federal removal jurisdiction is on the party seeking to preserve removal, not the party moving for remand"). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations." Linardos, 157 F.3d at 947 (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).

A suit seeking recovery under state law is not transformed into a suit "arising under" federal law merely because, to resolve it, the court may need to interpret federal law. Sullivan v. American Airlines, Inc., 424 F.3d 267, 271 (2d Cir. 2005) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 115 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.")). Rather, "[t]he presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule." Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998); see also Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, federal subject-matter

jurisdiction can be founded only on those allegations in a complaint that are "well pleaded." Sullivan, 424 F.3d at 271 (2d Cir. 2005).

A plaintiff cannot create federal subject-matter jurisdiction by alleging that a defendant's federal defense should fail. Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 14 (1983). Similarly, a plaintiff may not defeat federal subject-matter jurisdiction by "'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law." Sullivan v. Am. Airlines, 424 F.3d at 271 (citation omitted).

In this case, defendants contend that the Davis Bacon Act ("DBA" or "Act"), 40 U.S.C. § 3142, governs the contract entered into by Roz-A-Lite Electrical Contracting Inc. with the New York City Housing Authority ("NYCHA") for construction of the Linden Boulevard Project, and preempts plaintiffs' state wage claims. The DBA applies of its own force only to projects that are at least partially financed with federal monies. See 40 U.S.C. § 3145 (applying to "contractors and subcontractors engaged in constructing, carrying out, completing, or repairing public buildings, public works, or buildings or works that at least partly are financed by a loan or grant from the Federal Government"); Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) ("[T]he present contracts between the defendants and the NYCHA were federally funded and, as such, are governed by the prevailing wage requirements set forth in the DBA."). Under the Act, the Secretary of Labor sets "prevailing" minimum wage rates which contractors must pay to their employees on any construction project over $2,000 to which the United States is a party. 40 U.S.C.A. § 3142.

While defendants' papers discuss the nature of DBA preemption at length, they fail to offer "competent proof" suggesting that the Linden Boulevard Project received federal funds. Defendants offer no details or evidence suggesting that federal monies were received to finance the Project. Rather, the contract governing the work conducted for the Linden Boulevard Project explicitly states that the project is exclusively city funded.

During oral argument, defense counsel referenced several provisions of the contract to support the argument that the contract is federally funded and that the DBA is applicable. Defendants refer to Section 43 of the contract, which references the DBA's prevailing wages as determined, as proof that the Act is applicable. Defendants assert that since this section was later amended, it evidences the parties' intention to incorporate the DBA's terms into the contract. However, the contract also states that the provisions of New York Labor Law § 220 are applicable and a Prevailing Wage Schedule pursuant to New York Labor Law § 220 is included in the contract, detailing the payment to be received by each category of worker. The contract does not contain a DBA wage schedule.

Defendants also allege that the contract's references to a resident employment program is further proof that the project received federal funds and the DBA's provisions are applicable. During oral argument, defense counsel argued that defendants would not have hired local workers but for the applicability of the DBA. However, Section 48a of the contract, entitled Resident Employment Requirements, explicitly provides that the contractor is required to give priority to local residents when hiring employees for the project. Moreover, the resident employment documents referenced by defendants state that they are in compliance with Section

48a of the contract. Finally, neither Section 48a nor the resident employment documents makes reference to the DBA or federal funding.

In view of the contract provision stating that it is exclusively city funded, and absent "competent proof" suggesting that federal funds were received, the Court cannot conclude that plaintiffs' wage claims are governed by the DBA. Accordingly, since the defendant has not met his burden to demonstrate federal jurisdiction, the case must be remanded to state court for further proceedings. The Clerk of the Court is directed to remand the case to the Supreme Court of the State of New York, Kings County.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2009

Carol Bagley Amon
United States District Judge